# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 10-817V
(E-Filed: August 12, 2014)

```
* * * * * * * * * * * * *
JAN GAYNOR,                     *   UNPUBLISHED
                                *
            Petitioner,         *   Special Master
                                *   Hamilton-Fieldman
      v.                        *
                                *   Influenza Vaccine; Guillain-Barrè
SECRETARY OF HEALTH AND         *   syndrome; Decision; Stipulation.
HUMAN SERVICES,                 *
                                *
            Respondent.         *
* * * * * * * * * * * * *
```

Diana Stadelnikas Sedar, Maglio, Christopher & Toale, PA, Sarasota, FL, for Petitioner.
Lisa A. Watts, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 29, 2010, Petitioner, Jan Gaynor, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioner alleged that she suffered Guillain-Barrè ("GBS") as a result of receiving an influenza vaccination on November 14, 2008.[2]

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002)

1

Respondent denies that Petitioner's influenza vaccination caused her GBS and/or any other injury. Nonetheless, both parties, while maintaining their above stated positions, agreed in a Stipulation, filed August 12, 2014, ("Stipulation") that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

A lump sum of $125,000.00 in the form of a check payable to Petitioner, representing all damages available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Stipulation ¶ 8(a)

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

(Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAN GAYNOR, ) | |
| ) | **ECF** |
| Petitioner, ) | |
| ) | |
| v. ) | No. 10-817V |
| ) | Special Master |
| SECRETARY OF HEALTH AND HUMAN ) | Lisa Hamilton-Fieldman |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Jan Gaynor ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received a flu vaccine on November 14, 2008.

3. The vaccine was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS"), and/or polymyalgia rheumatica ("PMR"), and/or giant cell arteritis ("GCA"), which were caused-in-fact by the flu vaccine. Petitioner further alleges that he suffered the residual effects of his injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

1

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, PMR, GCA, or any other injury, and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $125,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C.§ 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payment made pursuant to paragraph 8, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on November 14, 2008, as alleged by petitioner in a petition for vaccine compensation filed on or about November 29, 2010, in the United States Court of Federal Claims as petition No. 10-817V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, PMR, GCA, or any other injury, or that his current disabilities are sequelae of his alleged vaccine-related injuries.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

4

Respectfully submitted,

PETITIONER:

*[signature: Jan Gaynor]*
JAN GAYNOR

| | |
|---|---|
| **ATTORNEY OF RECORD FOR PETITIONER:**<br><br>*[signature]*<br>DIANA STADELNIKAS SEDAR, ESQ.<br>Maglio Christopher & Toale, PA<br>1605 Main Street, Ste. 710<br>Sarasota, FL 34236<br>Tel: (941) 952-5242 | **AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**<br><br>*[signature: Vincent J. Matanoski by Catherine E.]*<br>VINCENT J. MATANOSKI<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U. S. Department of Justice<br>P. O. Box 146<br>Benjamin Franklin Station<br>Washington, D.C. 20044-0146 |
| **AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**<br><br>*[signature]*<br>A. MELISSA HOUSTON, M.D., M.P.H., FAAP<br>Acting Director, Division of Vaccine Injury Compensation (DVIC)<br>Acting Director, Countermeasures Injury Compensation Program (CICP)<br>Healthcare Systems Bureau<br>U.S. Department of Health and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Stop 11C-26<br>Rockville, MD 20857<br>DATE: 8-12-2014 | **ATTORNEY OF RECORD FOR RESPONDENT:**<br><br>*[signature]*<br>LISA A. WATTS<br>Senior Trial Attorney<br>Torts Branch<br>Civil Division<br>U. S. Department of Justice<br>P. O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>Tel: (202) 616-4099 |